UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BAYCORP HOLDINGS LTD. *et al.*,

    Plaintiffs,

v.                                                    CASE NO.: 1:13cv24-SPM/GRJ

THE CITY OF GAINESVILLE, FLORIDA,
d/b/a GAINESVILLE REGIONAL UTILITIES,

    Defendant.

_____/

# O R D E R

Pending before the court is plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (doc. 4) and accompanying memorandum (doc. 5).

Granting or denying a temporary restraining order or preliminary injunction rests in the sound discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997)(citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989)(quotations omitted). To be entitled to a preliminary injunctive relief, a movant must show that "(1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the

opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *CBS Boradcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001).

In addition, when the relief is sought through a temporary restraining order that is issued upon little or no notice, the moving party must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). The normal reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown. *Coventry First LLC v.* McCarty, 4:08cv387-SPM/WCS, 2008 WL 4081145 (N.D. Fla. 2008) (citing *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993)). "The stringent requirements ... on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd of Teamster*, 414 U.S. 423, 438-39 (1974).

Although proceeding *ex parte* as provided under Fed.R.Civ.P. 65(b) is permissible in some circumstances, plaintiff in this case has not shown the necessity of proceeding without notice of the defendant. Additionally, plaintiff has not demonstrated that irreparable injury will be suffered unless the temporary restraining order issues immediately.[1]

Accordingly, it is ORDERED:

1. The motion for temporary restraining order is DENIED. The court will construe the motion (doc. 4) and the accompanying memorandum (doc. 5) as a motion for preliminary injunction.

2. Defendant shall respond to the motion for preliminary injunction no later than **March 1, 2013.**

3. The Clerk is directed to mail this order to the defendant at the Mayor of the City of Gainesville, Craig Lowe, City Hall, 200 East University Avenue, Gainesville, Florida

---

[1] It is not clear whether an actual hearing date has been scheduled in the arbitration case.

CASE NO.: 1:13cv24-SPM/GRJ

32601 *and* Lindsay Gastrell, Esq., International Case Manager, International Centre for Dispute Resolution®, A Division of the American Arbitration Association, 1633 Broadway, 10th Floor, New York, NY 10019.

**DONE and ORDERED** this 15th day of February, 2013.

      *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**